BRIAN J. WHITE Bar No. 155198
Attorney at Law
4320 Iowa Street
San Diego, CA 92104
Telephone: (619) 280-8022
Facsimile: (619) 280-8023

Attorney for Defendant,
JOEL BANNING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOEL BANNING,<br>Defendant. | Case No. 08 CR 0511<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO:<br>1) COMPEL DISCOVERY; AND<br>2) LEAVE TO FILE FURTHER MOTIONS<br><br>Date: April 21, 2008<br>Time: 2:00 p.m. |

## I.
## STATEMENT OF FACTS

At the time of filing this motion, the defense has not received any discovery from the United States Attorney related to Mr. Banning's incarceration. As such, a statement of facts cannot be provided.

## II.

## THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY

Mr. Banning makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16.

This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) Mr. Banning's Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Banning; (2) copies of any written record containing the substance of any statements made by Mr. Banning; and (3) the substance of any statements made by Mr. Banning which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(2) Mr. Banning's Prior Record. Mr. Banning requests disclosure of his prior record, if any exists. See Fed. R. Crim. P. 16(a)(1)(B).

(3) Documents and Tangible Objects. Mr. Banning requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C).

(4) Reports of Scientific Tests or Examinations. Mr. Banning requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D).

(5) Expert Witnesses. Mr. Banning requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Banning requests written summaries describing the basis and reasons for the expert's opinions. See id.

(6) Brady Material. Mr. Banning requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963).

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Banning requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal

conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). In addition, Mr. Banning requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(7) Request for Preservation of Evidence. Mr. Banning specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Banning requests such notice three weeks before trial in order to allow for adequate trial preparation.

(9) Witness Addresses. Mr. Banning requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

(10) Jencks Act Material. Mr. Banning requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

(11) Residual Request. Mr. Banning intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Banning requests that the government provide him and his attorney with the above-requested material sufficiently in advance of trial.

///

## III.

## THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

At the time of the filing of these motions, the government has not provided any discovery to the defense. The defense is therefore unable to evaluate the status of the evidence and any other further motions that may be necessitated by virtue of the discovery that will be produced. Therefore, Mr. Banning respectfully requests the court to grant him leave to file additional motions as necessary.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Banning respectfully requests that the Court grant his motions.

Respectfully submitted,

Dated: April 4, 2008

/s/ Brian J. White
BRIAN J. WHITE Attorney for
Defendant JOEL BANNING